UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2011 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

KENDALL JONES,

               Defendant.

11-CR-043-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 18, 2011, Kendall Jones pleaded guilty to the sole count of a single-count indictment which charged that on December 8, 2010, the defendant, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Jones was sentenced on August 29, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category IV, yielding a guidelines range of imprisonment of between 57 and 71 months. The offense carried a maximum term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). The guidelines range of fine was from $7,500 to $75,000.

Jones was sentenced to twenty-seven months' incarceration and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Possession of a firearm by a convicted felon is a serious offense. On at least two previous occasions, Jones committed crimes

of violence against members of the community. The first incident involved punching a man in the face in the process of stealing his chain, IPod, earrings and wallet. The second incident involved repeatedly punching and kicking a man in the face and body in the process of stealing the man's MP4 player. Jones also has a history of associating with gang members. Under the circumstances, his possession of a firearm created a serious risk of danger to the community. A sentence of twenty-seven months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

The court considered the strong family support for this defendant, his young age, his intention to help himself as reflected by his G.E.D. certificate, and the strong desire he has as the main male figure in a large female extended family to protect his two young nephews and to set a good example for them. There is a good chance that with close supervision and a job he can become a lawful member of society.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that possession of a firearm by convicted felons will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is somewhat unlikely that he will engage in further criminal activity in light of his supportive family and his responsibilities to his two young nephews, who look up to him as a father-figure.

Jack B. Weinstein
Senior United States District Judge

Dated: August 30, 2011
Brooklyn, New York

3